**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Ta-Roy Hamilton, | Plaintiff, | |
| | -v- | 2:25-cv-247 (NJC) (SIL) |
| Matthew Tuohey, | Defendant. | |

<u>**CORRECTED MEMORANDUM AND ORDER**</u>

NUSRAT J. CHOUDHURY, United States District Judge:

Before the Court is a motion to proceed in forma pauperis ("IFP") filed by pro se plaintiff Ta-Roy Hamilton in relation to his Complaint filed while incarcerated at the Suffolk County Correctional Facility (the "Jail"), which brings claims concerning the quality and effectiveness of the legal representation provided to Hamilton by Defendant Matthew Tuohey from March 1, 2024 to September 5, 2024. (IFP Mot., ECF No. 2; Compl., ECF No. 1.)

On November 19, 2025, this Court issued a Memorandum and Order (ECF No. 6) ruling on Hamilton's IFP motion and assessing the Complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A(a). This Corrected Memorandum and Order supersedes and entirely replaces that Memorandum and Order. For the reasons that follow, the Court grants the IFP motion and dismisses the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**BACKGROUND**

On January 13, 2025, Hamilton filed a Complaint against his criminal defense attorney, Tuohey, who is alleged to have represented Hamilton "[b]etween March 1, 2024 to September 5,

2025." (Compl. ¶ II.)[1]

## I.    The Complaint[2]

The factual statement in the Complaint states, in its entirety, as follows:

> [Tuohey] failed to provide me with the proper legal representation that i paid him
> to do but he violated my civil rights by not handing over my discovery in a
> reasonable amount of time, which also violates my constitutional rights. Mr.
> Tuohey not only coerced me into taking a year plea, he also created a threating
> atmosphere leading to the demise of my entire case. As far as code of professional
> responsibilities and conduct, he hasn't in any way shape or form practiced such
> pertaining to me. Rule 1.3 Diligence stating acting with diligence and promptness
> representing me, he has neglected my legal matters by failing to communicate as
> well as providing me with the information necessary to aide and assist in my own
> defense counsel. He has fallen far below the standards required by Strickland v.
> Washington 673 F.2 879. I do not trust him to pursue matters on my behalf.

(Compl. ¶ II.) As a result, Hamilton seeks to recover the unspecified sum of "money that was

paid to [Tuohey]." (*Id*. ¶ III.)

## LEGAL STANDARDS

## I.    In Forma Pauperis

Upon review of Hamilton's IFP Motion (IFP Mot.), the Court finds that Hamilton is

qualified by his financial status to commence this action without the prepayment of the filing fee.

Therefore, the IFP Motion is granted.

## II.    Sufficiency of the Pleadings

---

[1]  According to the information maintained by the New York State Office of Court
Administration, Hamilton is represented by Tuohey in a pending state criminal case in Suffolk
County Court (*see* IND-73291-23/001),
https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last visited on November 24,
2025).

[2]  Excerpts from the Complaint have been reproduced here exactly as they appear in the original.
Errors in spelling, punctuation, and grammar have not been corrected or noted.

Under the Prison Litigation Reform Act ("PLRA"), courts "shall dismiss" a case brought by an incarcerated person proceeding IFP "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the PLRA requires courts to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from *a governmental entity* . . . ." 28 U.S.C. § 1915A(a) (emphasis added).[3] Relevant here, the PLRA imposes an affirmative screening requirement only on complaints filed by incarcerated individuals bringing claims against government entities; it does not require courts to screen complaints concerning private disputes between the incarcerated plaintiff and a non-governmental defendant. *Id.*

At the pleading stage, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009)), *aff'd*, 569 U.S. 108 (2013). This Court is required to construe pleadings "filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Hunter v. McMahon*, 75 F.4th 62, 67 (2d Cir. 2023) (quotation marks and citation omitted). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (quotation marks omitted).

---

[3] The term "prisoner" is defined in this statute to include "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord We The Patriots USA, Inc. v. Connecticut Off. of Early Childhood Dev.*, 76 F.4th 130, 144 (2d Cir. 2023). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678–79 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The factual allegations of a complaint must be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If, however, amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. *Id.*

## DISCUSSION

The scope of Hamilton's claims is not entirely clear from the face of the Complaint. The Complaint's reference to *Strickland v. Washington*, 466 U.S. 668 (1984)—in which the Supreme Court first articulated the standard for determining whether a defendant received ineffective assistance of counsel in a criminal proceeding such that it violated the defendant's right to

4

counsel under the Sixth Amendment of the U.S. Constitution—suggests that Hamilton intends to bring a petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("Section 2254") to argue that he is being detained in violation of his constitutional rights. *See* (Compl. ¶ III); *Strickland*, 466 U.S. at 679. However, Hamilton filled out the Eastern District of New York's civil complaint form (rather than the habeas form) and seeks money damages (rather than release from confinement), which suggests that Hamilton intends to bring a civil rights claim under 42 U.S.C. § 1983 ("Section 1983") or a state law legal malpractice or breach of contract claim for Tuohey's alleged failure to properly represent him.

Liberally construing the pleadings to raise the strongest arguments that they suggest, the Court finds that the Complaint fails to state a Section 1983 claim for money damages against Tuohey. The Court grants Hamilton leave to amend to cure the deficiencies identified. Further, to the extent that Tuohey seeks release from confinement on the basis that, under the *Strickland* standard, he received ineffective assistance of trial counsel in the criminal case that led to his guilty plea and sentence, Hamilton is required to advance these arguments through a petition for a writ of habeas corpus, not through a Section 1983 claim for money damages.

## I.    Petition for a Writ of Habeas Corpus

Section 2254 authorizes federal courts to grant a petition for a writ of habeas corpus by an individual being held in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As noted above, because Hamilton filed his Complaint using the Eastern District of New York's civil case form and indicated that he seeks money damages, the Court does not construe

the Complaint as a petition for a writ of habeas corpus. Even if the Court were to do so, the

Complaint does not state a basis for habeas relief for a variety of reasons, including that Tuohey,

the only identified respondent, is a private defense lawyer and not the state entity confining

Hamilton. *See* Rule 2a of the Rules Governing Habeas Corpus Cases Under Section 2254

(requiring a petitioner who "is currently in custody under a state-court judgment" to "name as

respondent the state officer who has custody"); *Gentile v. Burnett*, No. 22-CV-8411, 2023 WL

2478641, at *6 (S.D.N.Y. Mar. 13, 2023) (recognizing that the "proper defendant for a Section

2254 petition is the petitioner's current custodian"). Moreover, the Complaint does not address

whether Hamilton met the requirement to exhaust administrative remedies under Section 2254.

*See* 28 U.S.C. § 2254(b). Indeed, he could not have exhausted his administrative remedies under

Section 2254 at this juncture because as Hamilton is still awaiting sentencing. Therefore, a

petition for a writ of habeas corpus is premature.

## II.    Section 1983 Claims

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Section 1983 creates no substantive rights; it provides only a procedure for

redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d

Cir. 1993) (citing *City. of Okla. City. v. Tuttle*, 471 U.S. 808, 816 (1985)); *accord Jean-Baptiste

v. United States Dep't of Just.*, No. 23-441-cv, 2024 WL 1193062, at *1 (2d Cir. Mar. 20, 2024)

(noting that Section 1983 does not provide an independent source of substantive rights). To

maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See Sykes*, 13 F.3d at 519.

Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *DeFreitas v. Toulon*, No. 2:23-CV-5933, 2024 WL 308250, at *10 (E.D.N.Y. Jan. 26, 2024) (citing *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (quotation marks and citation omitted); *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is [] required to show state action.") (quotation marks and citation omitted). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

To the extent that Hamilton intends to bring a Section 1983 claim against his defense attorney, Tuohey, these claims must be dismissed because Tuohey is not a state actor subject to Section 1983. Attorneys, whether court-appointed or privately retained, are generally not state actors for purposes of Section 1983. *See*, *e.g.*, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("With respect to [ ] § 1983 claims . . . a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-

established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

A private actor may, however, be considered as acting under the color of state law for purposes of Section 1983 if the private actor was a "willful participant in joint activity with the State or its agents." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co*., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. *See Ciambriello*, 292 F.3d at 323–24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Id*. at 324–25 (citing *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999)). Indeed, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id*. at 324 (quotation marks omitted).

The Complaint does not allege that Tuohey acted jointly with a state actor or conspired with a state actor to deprive Hamilton of some constitutional right. (*See* Compl., *in toto*.) Thus, in the absence of any state action, the Complaint's Section 1983 claims are not plausible as a matter of law. *See Ciambriello*, 292 F.3d at 325. Hamilton's Section 1983 claims are therefore dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

### III.    State Law Claims

Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over

all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When deciding whether to exercise jurisdiction over pendent state law claims, courts weigh the factors of 'judicial economy, convenience, fairness, and comity.'" *Allen v. City of New York*, No. 24-2589-CV, 2025 WL 3152723, at *2 (2d Cir. Nov. 12, 2025) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *abrogated on other grounds by Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 39-41 (2025)).

Here, because the Complaint contains no plausible federal claim, the interests of judicial economy, convenience, fairness, and comity weigh against exercising supplemental jurisdiction over any state law claims in the Complaint—for example, a legal malpractice or breach of contract claim against Tuohey. Accordingly, the Court declines to exercise supplemental jurisdiction over any potential state law claims in Hamilton's Complaint.

## IV.    Leave to Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City. of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotation marks and citation omitted). Accordingly, the Court grants Hamilton leave to amend to cure the deficiencies identified above—in particular, the Complaint's failure to allege that Tuohey acted jointly with a

state actor or conspired with a state actor to deprive Hamilton of some constitutional right in order to bring a Section 1983 claim. However, the Court again notes that to the extent that Hamilton intends to challenge his criminal conviction and current incarceration on the basis that he was afforded ineffective assistance of counsel during his criminal proceedings in violation of his Sixth Amendment rights, he must file a properly exhausted petition under 28 U.S.C. § 2254 seeking a writ of habeas corpus. But given that Hamilton has not yet been sentenced, any such petition is premature.

## CONCLUSION

For the reasons stated above, this Court grants Hamilton's IFP motion (ECF No. 2), and dismisses the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1). The Clerk of the Court shall mail a copy of this Order to Hamilton at his address of record in an envelope marked "Legal Mail" and shall record such mailing on the docket.

If Hamilton seeks to file an amended complaint, he must do so by **January 16, 2026**. Failure to timely file an amended complaint will result in a dismissal of Hamilton's case without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).


Dated: Central Islip, New York
       November 25, 2025


　　　　　　　　　　　　　　　　　__/s/ Nusrat J. Choudhury_____
　　　　　　　　　　　　　　　　　NUSRAT J. CHOUDHURY
　　　　　　　　　　　　　　　　　United States District Judge

10